# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

JONATHAN L. HUNTER, :

    Plaintiff, :

vs. : CA 18-0158-MU

NANCY A. BERRYHILL, :
Acting Commissioner of Social Security,
                                          :

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Jonathan L. Hunter brings this action, pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for supplemental security income benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 20 & 21 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")). Upon consideration of the administrative record, Plaintiff's brief, the Commissioner's brief, and the parties' arguments at the February 5, 2018 hearing before the undersigned, the Court concludes that the Commissioner's decision denying benefits should be affirmed.[1]

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 20 & 21 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

# I. Procedural Background

Plaintiff filed an application for supplemental security income benefits on December 29, 2014, alleging disability beginning on June 14, 2014. (*See* Tr. 173-77.) Hunter's claim was initially denied on March 11, 2015 (Tr. 94 & 97-100) and, following Plaintiff's March 26, 2015 request for a hearing before an Administrative Law Judge ("ALJ") (Tr. 105; *see also* Tr. 106-08 (SSA notice that it received the request for hearing on April 3, 2015)), a hearing was conducted before an ALJ on December 21, 2016 (Tr.32-84). On May 2, 2017, the ALJ issued a decision finding that the claimant was not disabled and, therefore, not entitled to supplemental security income benefits. (Tr. 10-18.) More specifically, the ALJ determined at the fifth step of the five-step sequential evaluation process that Hunter retains the residual functional capacity to perform those sedentary jobs identified by the vocational expert ("VE") during the administrative hearing (*compare id.* at 12-17 *with* Tr. 79-81). On June 24, 2017, the Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council (*see* Tr. 155); the Appeals Council denied Hunter's request for review on February 26, 2018 (Tr. 1-3). Thus, the hearing decision became the final decision of the Commissioner of Social Security.

Plaintiff alleges disability due to inflammatory bowel disease and Crohn's Disease. The Administrative Law Judge (ALJ) made the following relevant findings:

> **2.    The claimant has the following severe impairments: inflammatory bowel disease and Crohns disease (20 CFR 416.920(c)).**
>
> .   .   .
>
> **3.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).**

. . .

**4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except for lifting 10 pounds occasionally and less than 10 pounds frequently; carrying 10 pounds occasionally and less than 10 pounds frequently; sitting for 6 hours, standing for 2 hours, and walking for 2 hours; the claimant can climb ramps and stairs occasionally; he can never climb ladders, ropes, or scaffolds; and he can balance, stoop, kneel, crouch and crawl occasionally. The claimant can never work at unprotected heights, and never work with moving mechanical parts.**

. . .

**5. The claimant has no past relevant work (20 CFR 416.965).**

. . .

**6. The claimant was born on September 1, 1987 and was 27 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).**

**7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).**

**8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).**

**9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).**

. . .

**10. The claimant has not been under a disability, as defined in the Social Security Act, since November 21, 2014, the date the application was filed (20 CFR 416.920(g)).**

(Tr. 12, 16 & 17 (emphasis in original)).

## II. Standard of Review and Claim on Appeal

A claimant is entitled to an award of supplemental security income benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or last for a continuous period of not less than 12 months. *See* 20 C.F.R. § 416.905(a). In determining whether a claimant has met his burden of proving disability, the Commissioner follows a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. At step one, if a claimant is performing substantial gainful activity, he is not disabled. 20 C.F.R. § 416.920(b). At the second step, if a claimant does not have an impairment or combination of impairments that significantly limits his physical or mental ability to do basic work activities (that is, a severe impairment), he is not disabled. 20 C.F.R. § 416.920(c). At step three, if a claimant proves that his impairments meet or medically equal one of the listed impairments set forth in Appendix 1 to Subpart P of Part 404, the claimant will be considered disabled without consideration of age, education and work experience. 20 C.F.R. § 416.920(d). At the fourth step, if the claimant is unable to prove the existence of a listed impairment, he must prove that his physical and/or mental impairments prevent him from performing any past relevant work. 20 C.F.R. § 416.920(f). And at the fifth step, the Commissioner must consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides past relevant work. 20 C.F.R. § 416.920(g). Plaintiff bears the burden of proof through the first four steps of the sequential evaluation process, *see Bowen v. Yuckert,* 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987), and while the burden of proof shifts to the Commissioner at the fifth step of the

process to establish other jobs existing in substantial numbers in the national economy that the claimant can perform,[2] the ultimate burden of proving disability never shifts from the plaintiff, *see, e.g., Green v. Social Security Administration,* 223 Fed.Appx. 915, 923 (11th Cir. May 2, 2007) ("If a claimant proves that she is unable to perform her past relevant work, in the fifth step, 'the burden shifts to the Commissioner to determine if there is other work available in significant numbers in the national economy that the claimant is able to perform.' . . . Should the Commissioner 'demonstrate that there are jobs the claimant can perform, the claimant must prove she is unable to perform those jobs in order to be found disabled.'").[3]

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[4] Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx.

---

[2] *See, e.g., McManus v. Barnhart,* 2004 WL 3316303, *2 (M.D. Fla. Dec. 14, 2004) ("The burden [] temporarily shifts to the Commissioner to demonstrate that 'other work' which the claimant can perform currently exists in the national economy.").

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

[4] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

995, 996 (11th Cir. Apr. 1, 2010) (per curiam), citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.*, citing *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004).

On appeal to this Court, Hunter asserts but one assignment of error, namely that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence. Plaintiff maintains that the ALJ's RFC determination is not supported by substantial evidence because even though the ALJ afforded the opinion of Dr. Brett Martin great weight (*see* Tr. 16), the ALJ's RFC determination does not contain all restrictions assigned by Dr. Martin, most notably that Plaintiff can only occasionally reach overhead secondary to a reduced range of motion in both shoulders (*compare* Tr. 12 *with* Tr. 486).

The ALJ's RFC determination (*see* Tr. 12 ("**After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except for lifting 10 pounds occasionally and less than 10 pounds frequently; carrying 10 pounds occasionally and less than 10 pounds frequently; sitting for 6 hours, standing for 2 hours, and walking for 2 hours; the claimant can climb ramps and stairs occasionally; he can never climb ladders, ropes, or scaffolds; and he can balance, stoop, kneel, crouch and crawl occasionally. The claimant can never work at unprotected heights, and never work with moving mechanical parts.**")) does not contain the overhead reaching restriction noted by Dr. Martin in his Medical Source

6

Statement (*compare id. with* Tr. 486 (checking the box indicating that Plaintiff can perform occasional reaching overhead bilaterally secondary to reduced range of motion in both shoulders)), a Statement which encompassed an opinion to which the ALJ generally accorded great weight (Tr. 16 ("As for the opinion evidence, the undersigned gives great weight to Dr. Martin, based on his Medical Source Statement at Exhibit F . . . .")). However, the undersigned finds no error in the ALJ's failure to include the noted form restriction to only occasional overhead reaching bilaterally in his RFC determination and here is why.

Although the ALJ stated he was affording Dr. Martin's Medical Source Statement great weight (Tr. 16), it is clear that the ALJ's RFC determination betrays not one of the actual findings set forth by Dr. Martin (*compare id.* at 12 *with* Tr. 484-89). Instead, as the ALJ clearly states in his opinion, he "lowered the exertional abilities to accommodate the claimant's subjective complaints regarding his ostomy." (Tr. 16.) And, indeed, when the specifics of the ALJ's RFC determination are compared to the findings on Dr. Martin's Medical Source Statement, it is clear that the ALJ did modify Dr. Martin's findings to reflect lesser exertional abilities than indicated by Dr. Martin. (*Compare* Tr. 12 (ALJ determined that Plaintiff can lift and carry 10 pounds occasionally and less than 10 pounds frequently, sit 6 hours, climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, can never work at unprotected heights or around moving mechanical parts, and can balance, stoop, kneel, crouch and crawl occasionally) *with* Tr. 484-89 (Dr. Martin opined that Plaintiff can lift and carry up to 10 pounds continuously and up to 20 pounds frequently, sit 8 hours, climb ramps and stairs continuously, climb ladders, ropes, or scaffolds occasionally, can constantly work at unprotected heights and never work around

7

moving mechanical parts, and can balance, stoop, kneel, crouch and crawl continuously)). Therefore, while the ALJ certainly stated in his decision that he was giving great weight to Dr. Martin's Medical Source Statement, it would be a misconstruction of this statement that the ALJ was simply incorporating into his RFC determination the RFC findings of Dr. Martin because, in truth, he incorporated none of Dr. Martin's actual RFC findings into his RFC determination. This is, of course, because the responsibility for making the residual functional capacity determination rests solely with the ALJ. *Compare* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible for assessing your residual functional capacity.") *with, e.g., Packer v. Commissioner, Social Security Admin.*, 542 Fed. Appx. 890, 891-892 (11th Cir. Oct. 29, 2013) (per curiam) ("An RFC determination is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite her impairments. There is no rigid requirement that the ALJ specifically refer to every piece of evidence, so long as the ALJ's decision is not a broad rejection, i.e., where the ALJ does not provide enough reasoning for a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." (internal citation omitted)). And in this particular case, the Court is of the opinion that the ALJ's RFC determination (which did not include a restriction for only occasional overhead reaching) is supported by and "linked to" substantial evidence in the record, *see, e.g., Packer v. Astrue*, 2013 WL 593497, *4 (S.D. Ala. Feb. 14, 2013) ("'[T]he ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work.'"), *aff'd,* 542 Fed. Appx. 890 (11th Cir. Oct. 29, 2013), including not only Dr. Martin's comprehensive evaluation report (Tr. 490-

95) and Medical Sources Statement (Tr. 484-89) but, as well, the remaining medical evidence of record (*see generally* Tr. 242-482 & 496-510) and Plaintiff's testimony and statements (*see* Tr. 55-59, 63, 65-66, 214, 216 & 218-19) that were credited by the ALJ. However, the same conclusion could not be reached had the ALJ included in his RFC determination that Plaintiff could only reach overhead occasionally (bilaterally) inasmuch as such a finding is directly contrary to (and, therefore, internally inconsistent with) Dr. Martin's statement in his comprehensive medical report that "[o]verhead reaching [] can [be] done **frequently** secondary to limited range of motion as described above[5]." (Tr. 494 (emphasis and footnote added); *compare id. with* Tr. 493 (the only limited range of motion identified by Dr. Martin was in relation to Plaintiff's shoulders)). Accordingly, the undersigned concludes that substantial evidence in the record supports the ALJ's RFC determination as stated in the administrative decision and no error was made by the ALJ in not including in that determination a finding that Plaintiff can only occasionally reach overhead because substantial evidence in the record does not support such a restriction.

Given that Hunter's assignment of error is properly overruled and Plaintiff does not challenge the VE's identification of sedentary jobs an individual with the residual functional capacity reflected in the decision can perform (*compare* Doc. 12 *with* Tr. 12, 17 & 79-81), the Commissioner's fifth-step determination is due to be affirmed. *See, e.g., Owens v. Commissioner of Social Security,* 508 Fed.Appx. 881, 883 (11th Cir. Jan. 28, 2013) ("The final step asks whether there are significant numbers of jobs in the

---

[5] This Court simply cannot find that this statement is any more qualified than what is contained in the Medical Source Statement, which is simply an "X" in the boxes indicating that Plaintiff can occasionally reach overhead with the accompanying language, "secondary to reduced range of motion in both shoulders." (Tr. 486.)

national economy that the claimant can perform, given h[er] RFC, age, education, and work experience. The Commissioner bears the burden at step five to show the existence of such jobs . . . [and one] avenue[] by which the ALJ may determine [that] a claimant has the ability to adjust to other work in the national economy . . . [is] by the use of a VE[.]"(internal citations omitted)); *Land v. Commissioner of Social Security,* 494 Fed.Appx. 47, 50 (11th Cir. Oct. 26, 2012) ("At step five . . . 'the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.' The ALJ may rely solely on the testimony of a VE to meet this burden." (internal citations omitted)). In short, substantial evidence supports the ALJ's determination that Hunter is not disabled.

## **CONCLUSION**

It is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be affirmed.

**DONE** and **ORDERED** this the 11th day of February, 2019.

                                        s/P. Bradley Murray
                                        **UNITED STATES MAGISTRATE JUDGE**